JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the Cuyahoga County Common Pleas Court granting summary judgment in favor of defendant-appellee Allstate Insurance Company. The court held that a homeowner's insurance policy issued by Allstate did not provide uninsured motorists coverage to plaintiff-insured James Panozzo either expressly or by operation of law. In this appeal, Panozzo argues simply:
 THE TRIAL COURT ERRED BY GRANTING THE APPELLEES' MOTION FOR SUMMARY JUDGMENT.
We find no error in the trial court's ruling and affirm its decision.
 FACTUAL AND PROCEDURAL HISTORY
Panozzo filed his complaint for a declaratory judgment and money damages on February 29, 2000. The complaint alleged Panozzo was a resident at 3573 Silsby, University Heights, Ohio on January 28, 1988, when he was injured by an uninsured motorist, sustaining permanent injury and incurring medical bills. Panozzo claimed Allstate's insurance policy was a motor vehicle liability policy which provided uninsured motorist coverage to him by operation of law and that Allstate breached its contract. Panozzo also alleged that Allstate acted in bad faith by failing to acknowledge the notice of claim he submitted on January 20, 2000 and offer payment. He demanded interest from January 20, 1988 on all amounts Allstate owed him.[1] Allstate answered and counter-claimed for, among other things, a declaration that the insurance policy in question was a homeowner's policy which did not give rise to uninsured motorist coverage by operation of law.
The parties filed cross-motions for summary judgment in June and August 2000, respectively. Attached to Panozzo's motion was his affidavit, a copy of the insurance policy at issue, and copies of correspondence among counsel, as well as copies of various legal authorities. Allstate's motion also included copies of the authorities it cited and a copy of an amicus curiae brief filed in a case then pending before the Ohio Supreme Court, Davidson v. Motorists Mutual Ins. Co.
Panozzo's affidavit avers that he was struck by an uninsured motorist on January 29, 1988 and sustained severe injuries which required several weeks' hospitalization and extensive rehabilitation. At the time of his injury, he was a resident of his parents' house, which Allstate insured.
The insurance policy included coverage for family liability. This provision states:
Losses we cover Under Coverage X:
 Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.
* * *
Losses We Do Not Cover Under Coverage X:
* * *
 5. We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to:
 a) a motor vehicle in dead storage or used exclusively on an insured premises;
 b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises;
c) a motorized wheel chair;
 d) a vehicle used to service an insured premises which is not designed for use on public roads and not subject to motor vehicle registration;
 e) a golf cart owned by an insured person when used for golfing purposes;
 f) a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;
 g) lawn and garden implements under 40 horsepower;
h) bodily injury to a residence employee.
The trial court held that these exceptions to the policy's exclusion from coverage did not transform the homeowner's policy into a motor vehicle policy. Therefore, the court held the policy did not provide uninsured/underinsured motorist coverage by operation of law pursuant to R.C. 3937.18 and entered final judgment in Allstate's favor.
 LAW AND ANALYSIS
The question initially presented by Panozzo's assignment of error is whether the Allstate policy's limited coverage of certain vehicles and persons, as set forth in the exceptions to the exclusion from family liability coverage quoted above, makes this an automobile liability or motor vehicle liability policy subject to R.C. 3937.18.[2] R.C. 3937.18
requires an insurer to offer uninsured/underinsured motorist coverage whenever it issues
 * * * [an] automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use or a motor vehicle * * *
If no offer of coverage is made, the coverage becomes part of the policy by operation of law. See, e.g., Davidson v. Motorist Mut. Ins. Co. (2001), 91 Ohio St.3d 262, 264.
In determining whether a policy is a motor vehicle liability policy, we must examine the language of the policy itself. Appellant urges that the policy's coverage of certain motor vehicles and of bodily injury to residence employees, renders this a motor vehicle liability policy.
The Ohio Supreme Court's recent decision in Davidson v. Motorists Mutual Ins. Co., supra, is dispositive of appellant's claim that the policy is a motor vehicle liability policy because it provides coverage of certain listed types of vehicles. The syllabus in Davidson holds:
 A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured or underinsured motorist coverage.
Like the policy at issue in Davidson, this policy (as a result of the exceptions to the exclusion from coverage) only covers vehicles that are not subject to registration and are not intended to be used on a public highway. Coverage of these vehicles does not make this a motor vehicle liability policy subject to the requirement of former R.C. 3937.18 to offer uninsured or underinsured motorist coverage. Id.
The coverage for bodily injury to a residence employee is not similarly limited; however, in two recent cases, we have held that coverage of injuries to residence employees does not make a homeowner's policy a motor vehicle liability policy. Davis v. Shelby Ins. Co. (June 14, 2001), Cuyahoga App. No. 78610, unreported; Hillyer v. State Farm Fire and Cas. Co. (Aug. 2, 2001), Cuyahoga App. No. 79176, unreported. We agree with the outcome in these cases. The policy here limits liability to a single, narrow class of persons, residence employees, who are defined by the policy as follows:
 Residence employee means an employee of an insured person while performing duties arising out of and in the course of employment in connection with the maintenance or use of your residence premises. This includes similar duties performed elsewhere for an insured person, not in connection with the business of an insured person.
Based upon this definition, the policy only covers an injury to a residence employee if the employee is injured in the course of his or her employment. Moreover, coverage is provided for any injury to a residence employee caused by an occurrence ; it is not limited to injuries arising out of the ownership, maintenance, use, occupancy, etc., of an automobile. Thus, the fact that an automobile may be involved is incidental to coverage; the policy makes this aspect of the general coverage regarding residence employees express only because it must carve out an exception to the general exemption.
It is also worth emphasizing that the policy covers only the insured's liability for injuries to a residence employee, not injuries to any one else. The coverage for only such a limited class of persons makes it clear that the defining characteristic of coverage is the person injured, not the fact that a motor vehicle was involved.
For these reasons, we agree with the trial court that the policy at issue was not an automobile liability or motor vehicle liability policy in connection with which Allstate was required to offer uninsured/underinsured motorist's coverage. In light of this conclusion, we need not address the other issues raised in Panozzo's brief, all of which depend upon a contrary outcome.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. and TERRENCE O'DONNELL, J. CONCUR
[1] Panozzo's claims for insurance coverage, bad faith, and interest are labeled, respectively, counts two, three and four. Count one contains the general allegations of the complaint.
[2] A statutory definition of automobile liability or motor vehicle liability policy of insurance was added effective Septmember 3, 1997, after the policy in this case was issued. R.C. 3937.18(L). As amended effective November 2, 1999, this provision states:
 (L) As used in this section, automobile liability or motor vehicle liability policy of insurance means either of the following:
 (1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance.
 (2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section.